1  Susan D. Fahringer, Bar No. 162978
   SFahringer@perkinscoie.com
2  Charles C. Sipos (*Pro Hac Vice* application forthcoming)
3  CSipos@perkinscoie.com
   PERKINS COIE LLP
4  1201 Third Avenue, Suite 4900
   Seattle, WA  98101-3099
5  Telephone: (206) 359-8000
   Facsimile:  (206) 359-9000
6
   Sunita B. Bali, Bar No. 274108
7  SBali@perkinscoie.com
   PERKINS COIE LLP
8  4 Embarcadero Center, Suite 2400
   San Francisco, CA 94111
9  Telephone: (415) 344-7000
   Facsimile:  (415) 344-7050
10
   Winnie Hung, Bar No. 291614
11 WHung@perkinscoie.com
   PERKINS COIE LLP
12 3150 Porter Drive
   Palo Alto, CA  94304-1212
13 Telephone:  650.838.4300
   Facsimile:  650.838.4350
14
   Attorneys for Defendants
15 Google LLC and Google Payment Corporation

16                    UNITED STATES DISTRICT COURT
17                   NORTHERN DISTRICT OF CALIFORNIA
18                          SAN JOSE DIVISION
19

20 ADAM GURNO, individually and on behalf of all others similarly situated,   Case No. _____

21                Plaintiff,   **DEFENDANTS' NOTICE OF REMOVAL**

22       v.   [Complaint filed September 5, 2017 and removed from the Superior Court of the State of California for the County of Santa Clara, Case No. 17-cv-315499]

23 GOOGLE INC., a Delaware Corporation,
24 and GOOGLE PAYMENT CORPORATION, a Delaware Corporation,
25 and DOE 1 through DOE 20 Inclusive,

26                Defendants.

27

28
                                    1
   DEFENDANTS' NOTICE OF REMOVAL (No.           )

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453 defendants GOOGLE INC. (now known as GOOGLE LLC), and GOOGLE PAYMENT CORPORATION (collectively, "Defendants") hereby remove to this Federal Court the state court action described below.

## I. THE STATE COURT ACTION

On September 5, 2017, Plaintiff Adam Gurno ("Gurno") commenced this case in the Superior Court of California for the County of Santa Clara, titled *Adam Gurno, individually and on behalf all others similarly situated v. Google Inc., a Delaware Corporation, and Google Payment Corporation, a Delaware Corporation, and DOE 1 through DOE 20 Inclusive*, Case No. 17-cv-315499. Pursuant to 28 U.S.C. § 1446(a), a copy of the Superior Court file is attached hereto as Exhibits 1 through 15. Gurno served Defendants Google LLC ("Google") and Google Payment Corp. ("GPC") (collectively, Google and GPC are "Defendants") with a copy of the Complaint and Summons from the Superior Court on September 11, 2017. A copy of the Summons to Google and GPC is attached hereto as Exhibits 1 and 2, respectively.

The Complaint alleges three causes of action against Defendants: (1) breach of contract (Exhibit 4, Compl. ¶¶ 131-144); (2) breach of the implied covenant of good faith and fair dealing (*Id.* ¶¶ 145-154); and (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 (*Id.* ¶¶ 155-183). The Complaint is based on the sale of "mobile device software applications," or "Apps" on Google Play, a platform operated by Google. Compl. ¶¶ 3, 25-49. Gurno brings this action as a putative class action. He seeks to represent a class of "all individuals in the United States who, between March 1, 2012 and April 30, 2014, (the "Class Period"), (i) purchased a Paid App on the Google Play Store that cost less than $300, (ii) using a credit or debit card via their Google Wallet account." Compl. at ¶ 121. Gurno alleges that the members of the putative class "are so numerous that individual joinder of their claims is impracticable." Compl. ¶ 123.

Gurno alleges that Defendants receive and retain 30% of the price paid by each class member for each App purchased on Google Play using Google Wallet. Compl. ¶¶ 7, 95, 119,

141. Gurno seeks, among other things, the following forms of relief, on behalf of himself and every class member: (1) compensatory damages, in the form of lost benefit of the bargain or compensation for alleged lost value of the class members' personal information or the alleged "transaction value" for their app purchase; (2) injunctive relief; (3) restitution and disgorgement "of monies paid by Plaintiff and the Class and received and retained as the result of their app purchases"; (4) reasonable attorneys' fees and costs; and (5) such other relief as the court deems appropriate. Compl. ¶¶ 144, 154, 183.

## II.  GROUNDS FOR REMOVAL

### A.   This Action Is Removable Under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because the District Courts of the United States have original jurisdiction over it pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, these requirements are met, and this matter is removable.

#### 1. This Is a Putative Class Action in Which the Aggregate Number of Proposed Class Members Is 100 or More.

This action is a putative class action within the meaning of CAFA. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Gurno filed this action under section 382 of the California Code of Civil Procedure, Compl. at ¶ 121, which authorizes

3

"one or more [to] sue . . . for the benefit of all" when "the question is one of common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court." Cal. Civ. Proc. Code § 382; *see also Sanchez v. Capital Contractors, Inc.*, No. 14-CV-02622-MMC, 2017 WL 2462055, at *4 n.3 (N.D. Cal. June 7, 2017) ("Under [Civil Procedure Code] § 382, a plaintiff must show common issues of fact or law predominate over individual issues, which a plaintiff seeking certification under Rule 23(b)(3) likewise must show.") (citation omitted).

Gurno's putative class action contains 100 or more members. Gurno seeks to represent a class of "all individuals in the United States who, between March 1, 2012 and April 30, 2014, (the "Class Period"), (i) purchased a Paid App on the Google Play Store that cost less than $300, (ii) using a credit or debit card via their Google Wallet account." Compl. at ¶ 121. Gurno alleges that "Class members are so numerous that joinder of all members of the class is impracticable." Compl. ¶ 123. Over 100 people in the United States bought an App for under $300, on Google Play, using their credit or debit card via Google Wallet, from March 1, 2012 to April 30, 2014. The purported class is therefore greater than 100 people.

### 2.     The Amount in Controversy Exceeds $5,000,000.

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). In determining the amount in controversy, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Sley v. USAA Cas. Ins. Co.*, No. 5:16-CV-04882-HRL, 2017 WL 2114773, at *1 (N.D. Cal. May 16, 2017) (citation omitted). Where, as here, the plaintiff does not specify an amount in controversy in the complaint, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Invs.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015).

"A defendant's amount in controversy allegation 'should be accepted when not contested by the plaintiff or questioned by the court.'" *Hughes v. Fosdick*, 106 F. Supp. 3d 1078, 1081

1  (N.D. Cal. 2015) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553

2  (2014)).  If the defendant's assertions are challenged, it bears the burden of establishing the

3  amount in controversy by a preponderance of the evidence.  *See Dart Cherokee*, 135 S. Ct. at

4  553–54.  This burden only requires that the defendant "provide evidence establishing that it is

5  more likely than not that the amount in controversy exceeds [$5,000,000]."  *Coleman-Anacleto v.*

6  *Samsung Elecs. Am., Inc.*, No. 16-CV-02941-LHK, 2016 WL 4729302, at *5 (N.D. Cal. Sept. 12,

7  2016) (citation omitted).  Defendant may submit this evidence in opposition to plaintiff's motion

8  to remand.  *Dart Cherokee*, 135 S. Ct. at 554 ("Evidence establishing the amount is required . . .

9  only when the plaintiff contests, or the court questions, the defendant's allegations.").

10        Here, the relief requested by Gurno on behalf of himself and the purported class

11  demonstrates that the amount in controversy exceeds $5,000,000.  Gurno seeks, among other

12  relief, disgorgement of "of monies paid by Plaintiff and the Class and received and retained [by

13  Defendants] as the result of their [class members'] app purchases."  Compl. ¶ 183.  Gurno also

14  seeks imposition of a constructive trust "consisting of monies Defendants improperly collected or

15  received from their above-described illicit conduct, including a reasonable portion of the monies

16  collected, from Plaintiff and the Class, in connection with the sale of Apps via the Google Play

17  store and/or the processing of associated payments via Google Wallet."  Compl. ¶ 206.

18        Gurno alleges that Defendants "retained" 30% of the purchase price of the Apps bought

19  by purported class members—buyers in the United States who purchased Apps on Google Play,

20  using Google Wallet, from March 1, 2012 to April 30, 2014.  *See, e.g.,* Compl. ¶¶ 45 ("After a

21  Buyer purchases an App in the above fashion, one of the Defendants pays the App Vendor 70%

22  of the App's price, or credits an App Vendor's Google Account with that percentage, retaining

23  the rest"), 119 ("Defendants . . . have received a monetary benefit—30% of every paid app

24  purchase price—and the collection of personal information, causing plaintiff and the class the loss

25  of economic and proprietary value.").  This amount exceeds $5,000,000, as counsel for plaintiffs

26  are aware.  Counsel for Gurno in this case also represented plaintiff Alice Svenson in the *Svenson*

27  class action, *Svenson v. Google Inc. and Google Payment Corp.*, Case No. 5:13-cv-04080-

28  BLF.  In the *Svenson* class action, they asserted the same claims and factual allegations as they

1  now assert on behalf of Gurno.  In addition, the purported classes in the *Svenson* class action and
2  this case are nearly identical.  (Indeed, plaintiffs' counsel sought to amend the *Svenson* complaint
3  to add Gurno as a plaintiff, but withdrew that motion after the case was dismissed.  *Svenson* class
4  action, Dkt. No. 217.)  In the *Svenson* class action, discovery confirmed that 30% of the amount
5  paid by U.S. buyers for Apps purchased between March 1, 2012 and April 30, 2014 was far in
6  excess of $5,000,000.  As in the *Svenson* class action, and based on Gurno's allegations, the
7  amount in controversy in this case exceeds $5,000,000.  CAFA jurisdiction is therefore
8  appropriate.

### 3. The Parties Are Minimally Diverse.

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Gurno is a citizen of Minnesota.  Compl. ¶ 18.  Defendants are citizens of California.  Both defendants are incorporated under the laws of Delaware, and each has its principal place of business in Mountain View, California.  *See* Compl. ¶¶ 19-20; *see Albino v. Standard Ins. Co.*, 349 F. Supp. 2d 1334, 1337 (C.D. Cal. 2004) (for purposes of diversity jurisdiction, "[a] corporation is a citizen both of the state where it was incorporated and the state where it has its primary place of business").  Defendants are therefore citizens of different states from at least one plaintiff, and CAFA's minimal diversity requirement is met.  *See* 28 U.S.C. § 1332(d)(2).

**B.   None of CAFA's Exceptions Bars Removal in this Case.**

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things:  "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," the "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed"; and "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the

same or other persons; or [] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed").

Section 1332(d)(4) does not apply here. First, there is no allegation, and no basis to believe, that over two-thirds of the members of the proposed plaintiff class are citizens of California. *Cf.* Compl. § 121 (defining the class as "all individuals in the United States" who purchased an App on Google Play using Google Wallet between March 1, 2012 and April 30, 2014). Second, there is neither an allegation nor any basis to believe that the "principal injuries resulting from the alleged conduct or any related conduct of each defendant" were incurred in California. In addition, in the three year period preceding the filing of *Gurno*, the *Svenson* class action was filed. Svenson asserted the same factual allegations against both Google and GPC, on behalf of a virtually identical class. *See supra*, pp. 5-6.

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id.* § 1453(d) (same). Those provisions do not bar jurisdiction here because Gurno's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Compl. ¶¶ 131-183 (asserting claims that arise under California common law and consumer protection statutes).

**C.      Venue Is Proper.**

The Northern District of California, San Jose division, is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the California Superior Court, County of Santa Clara, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

**D.     Defendants Have Satisfied All Other Requirements of the Removal Procedure.**

This Notice of Removal is timely filed. Defendants were served with a copy of the Complaint and Summons on September 11, 2017. Defendants filed and served this Notice of Removal within 30 days of service of the Complaint in compliance with 28 U.S.C. § 1446(b).

As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon the Defendants are being filed herewith. Copies of the Complaint (including the Civil Case Cover Sheet); Summons; Proof of Service of Summons re: Google Inc., Proof of Service of Summons re: Google Payment Corp.; *Pro Hac Vice* Application; and all other process, pleadings, and orders, as well as the docket entry reflecting filing of Proof of Service of Summons on September 15, 2017, are attached hereto as Exhibits 1 to 15. No other pleadings have been filed to date in this matter in the Santa Clara County Superior Court. A true and correct copy of the state court's docket is attached hereto as Exhibit 15.

Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve on Gurno and file with the Superior Court a "Notice to Adverse Party of Removal to Federal Court." Pursuant to Federal Rule of Civil Procedure 5(d), Defendants will also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to Federal Court."

### III.     RESERVATION OF RIGHTS AND DEFENSES

Defendants expressly reserve all of their defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Gurno's allegations or waiving any of Defendants' defenses. *See, e.g.*, *Samsung*, 2016 WL 4729302, at *5 ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (citation omitted); *Bryan v. Wal-Mart Stores, Inc.*, No. C 08-5221 SI, 2009 WL 440485, at *3 (N.D. Cal. Feb. 23, 2009) ("[D]efendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of wage and hour violations did indeed occur."); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

## IV.  CONCLUSION

WHEREFORE, Defendants request that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from Santa Clara County Superior Court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

DATED:  October 10, 2017

**PERKINS COIE LLP**

By: */s/ Susan D. Fahringer*
  Susan D. Fahringer, Bar No. 162978
  SFahringer@perkinscoie.com

Attorneys for Defendants
Google LLC and Google Payment Corporation